```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TRACI WILLIS,<br><br>        Plaintiff,<br><br>  v.<br><br>HOUSING AUTHORITY OF THE CITY OF CAMDEN, et al.,<br><br>        Defendants. | 1:20-cv-07843-NLH-AMD<br><br>**MEMORANDUM OPINION**<br>**& ORDER** |

**APPEARANCES:**

JOSEPH P. GUZZARDO
MARK B. FROST & ASSOCIATES
1515 MARKET STREET
STE 1300
PHILADELPHIA, PA 19102

    *On behalf of Plaintiff*

LOUIS RICHARD LESSIG
BROWN AND CONNERY LLP
360 HADDON AVENUE
WESTMONT, NJ 08108

    *On behalf of Defendants*

**HILLMAN**, **District Judge**

    WHEREAS, Defendants removed Plaintiff's original complaint to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1331 for Plaintiff's federal claims, and supplemental

jurisdiction under 28 U.S.C. § 1367(a)[1] for Plaintiff's state law claims; and

WHEREAS, Plaintiff's amended complaint [16] asserts only one count for a violation of New Jersey state law, and Plaintiff has filed a motion to remand [21] requesting that this Court decline to continue exercising supplemental jurisdiction under § 1367(a); and

WHEREAS, Defendants do not oppose Plaintiff's motion to remand [22]; and

WHEREAS, Plaintiff's voluntary dismissal of her federal claims through the filing of an amended complaint and her motion to remand provide a basis for the Court to consider whether, in its discretion, it should continue to exercise subject matter jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a); and

---

[1] Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

WHEREAS, "Section 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness, and comity' counsel that the district court remand state claims to a state forum," Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (quoting City of Chicago v. International College of Surgeons, 522 U.S. 156, 167 (1997)) (other citation omitted) ("The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."); and

WHEREAS, Section 1367(c) provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

>    (1) the claim raises a novel or complex issue of State law,
>
>    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>    (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); and

WHEREAS, the Third Circuit "has made clear that, 'where the claim over which the district court has original jurisdiction is

dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so,'" Jacobowitz v. M & T Mortg. Corp., 372 F. App'x 225, 228–29 (3d Cir. 2010) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis in original)); and

WHEREAS, the Court finds that there are no considerations of judicial economy, convenience, and fairness to the parties that provide an affirmative justification for retaining jurisdiction over the matter because (a) the federal claims over which this Court had original jurisdiction are no longer in the case, (b) the only remaining claim concerns violations of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq., an important state statute, and (c) this matter is in the earliest stages of litigation and no substantive decisions have been rendered affecting the claims or positions of the parties; and

WHEREAS, the Court finds that it will decline to exercise supplemental jurisdiction over Plaintiff's remaining claim under § 1367(c)(2) and (3), and the Court will remand the matter to state court;

4

THEREFORE,

IT IS this __7th__ day of __August__, 2020

ORDERED that Plaintiff's MOTION to Remand [21] be, and the same hereby is GRANTED; and it is further

ORDERED that this action be, and hereby is, REMANDED to Camden County Superior Court, Law Division, CAM-L-1262-20; and it is finally

ORDERED that the Clerk of Court shall mark this matter as CLOSED.

At Camden, New Jersey

                                             s/ Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.